IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JOHN DAVID ROSS                                                                              PETITIONER

v.                                           Case No. 6:20-cv-06136

DEXTER PAYNE, Director,                                                              RESPONDENT
Arkansas Division of Correction

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner is John David Ross ("Ross"). On November 16, 2020, Ross filed the current Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. ECF No. 1. Respondent Payne filed a response on February 5, 2021. ECF No. 9. This matter is now ripe for consideration.

This Petition was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case. The Court has reviewed the Petition and Response and finds this Petition should be **DENIED.**

1.     **Procedural Background**[1]:

Ross is an inmate incarcerated at the East Arkansas Regional Unit in the Arkansas Department of Correction ("ADC") in Marianna, Arkansas. On October 2, 2014, Ross was convicted in the Circuit Court of Garland County, Arkansas, of sixteen felony counts of possessing or viewing a matter depicting sexually explicit conduct involving a child, one felony count of permitting abuse of a minor, and one misdemeanor count of bestiality. *See Ross v. State,* 2015 Ark. App. 613, 474 S.W.3d 539 (2015). Following the jury's recommendation, the trial court ordered Ross's sentences be served consecutively, and he received a cumulative sentence of 180

---

[1] The "Procedural Background" is taken from the docket and the documents filed in this case as well as the reported decisions in *Ross v. State,* 2015 Ark. App. 613, 474 S.W.3d 539 (2015) and *Ross v. Arkansas,* 2017 Ark. App. 234, 518 S.W.3d 758 (2017).

1

years in the ADC. *Id.* The Arkansas Court of Appeals affirmed Ross's convictions in an opinion issued on October 28, 2015. *Id.*

Ross then filed a petition for postconviction relief pursuant to Rule 37.1 of the Arkansas Rules of Criminal Procedure. *See Ross v. Arkansas,* 2017 Ark. App. 234, 518 S.W.3d 758 (2017). In this petition, Ross raised multiple claims of ineffective assistance of counsel. *Id.* The trial court entered a 10-page written order denying postconviction relief. *Id.* Ross appealed to the Arkansas Court of Appeals, arguing that the trial court erred in denying his petition without holding an evidentiary hearing, and the appellate court affirmed the denial of postconviction relief in an opinion issued on April 19, 2017. *Id.*

On November 16, 2020, Ross filed the current petition. ECF No. 1. With the current petition, Ross raises the following five grounds for relief:

1. Ross alleges he is actually innocent and there is insufficient evidence for conviction, asserting he has "recently discovered" that Amanda Hartle, who admitted guilt in two notarized statements made prior to trial, refused to testify in his defense "due to coercion and threats from [the] state prosecutor to revoke her plea deal if she testified";

2. Ross alleges he could not have voluntarily, knowingly, or intelligently waived his *Miranda* rights prior to making a pretrial statement to the police. Ross claims he was clearly intoxicated and under the influence of street drugs and prescription medications at the time the incriminating statements were obtained and the investigating officers were aware of this fact. Thus, Ross claims his confession was "tainted";

3. Ross alleges his right to be protected from double jeopardy was violated because was convicted 16 times over "the one and same set of facts";

4. Ross alleges his trial counsel was ineffective for failing to "seek a continuance when prime defense witness [presumably Hartle] declined to testify 10 minutes prior to start of trial; failure to subpoena witness; failure to file motion to suppress statements; failure to properly prepare for trial; failure to object to expert testimony; [and the] failure to make proper directed verdict motion"; and

5. Ross alleges his 180-year total sentence violates state law, is beyond the standard sentencing range, and the trial court was without authorization to enter it.

ECF No. 1. On February 5, 2021, Respondent Payne timely responded. ECF No. 9. In this

response, Respondent Payne claims this action is time-barred and should be dismissed. This matter is now ripe for consideration.

**2.** **Applicable Law**:

Ross seeks *habeas* review of a state-court conviction in this Court pursuant to 28 U.S.C. § 2254. ECF No. 1. In the interests of finality and federalism, a federal *habeas* court is constrained by statute to exercise only a "limited and deferential review of underlying state-court decisions." *See, e.g., Whitehead v. Dormire,* 340 F.3d 532, 536 (8th Cir. 2003). The "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." *Burt v. Titlow,* 134 S. Ct. 10, 16 (2013).

A federal court reviewing a state-court merits ruling of a federal question may grant habeas-corpus relief only if the state's adjudication "(1) resulted in a decision that was contrary to, or an unreasonable application of, clearly stablished Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2).

Review under 28 U.S.C. § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. *See Cullen v. Pinholster,* 563 U.S. 170, 181 (2011). Under § 2254(d)(2), a decision adjudicated on the merits in a state court based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *See, e.g., Miller-El v. Cockrell,* 537 U.S. 322, 340 (2003). In making this determination, factual findings by the state courts are presumed correct absent clear and convincing evidence to the contrary. *Id.;* 28 U.S.C. § 2254(e)(1).

**3.    Discussion**:

Respondent Payne claims this action is time-barred and should be dismissed under AEDPA. Upon review and consistent with the foregoing, the Court agrees and finds as follows:

**A.    One-Year Statute of Limitations**

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA") was signed into law. A one-year statute of limitations was enacted for *habeas corpus* petitions challenging state court convictions pursuant to 28 U.S.C. § 2254. In general, a petitioner for collateral relief has one year from "the date on which the judgment became final" to file a petition challenging his conviction.

In the present action, Ross's conviction was affirmed on direct appeal on October 28, 2015. Under the state court rule in effect at that time, Ross then had 18 calendar days from the date of the appellate decision to petition the Arkansas Supreme Court for review. *See* ARK. S. CT. R. 2-4(a) (2015). Ross did not seek that review. Thus, Ross's time for seeking federal *habeas* relief began to run on November 16, 2015. *See* ARK. R. APP. P.—CRIM. 17 (extending the last day for taking action to the next business day).

In the present action, Ross filed his petition on November 16, 2020. ECF No. 1. Thus, it was untimely filed. Accordingly, unless an exception to this statute of limitations or a tolling provision applies, the Court lacks jurisdiction to consider the merits of his petition.

**B.    Tolling of the Statute of Limitations**

Ross's claims are barred by the limitations period unless he can establish the period was tolled. As an initial note, the time-period during the pendency of Ross's Rule 37.1 petition did toll

the AEDPA statute of limitations. Despite this fact, even this tolling only extended the running of the statute of limitations to at most April 19, 2017, the date the judgment affirming the denial of post-conviction relief was entered. *See Ross v. Arkansas,* 2017 Ark. App. 234, 518 S.W.3d 758 (2017). Thus, even with the application of this tolling provision, Ross should have filed his petition by April 19, 2018 under AEDPA.

As for equitable tolling, a petitioner is only entitled to this tolling if "he shows . . . that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" to prevent timely filing. *Holland v. Florida,* 560 U.S. 631, 645 (2010). While the diligence required for equitable tolling is "not maximum feasible diligence," reasonable diligence is required. *See id.* at 653.

In the present action, Ross's petition does not establish he acted with any due diligence in pursuing the timely filing of his *habeas* petition. In fact, Ross acknowledges that his § 2254 petition is untimely. *See* ECF No. 1 at 14-15. He claims, however, that he retained counsel to seek federal *habeas* review "approx.. 19 months ago," prior to filing his *pro se* petition on November 16, 2020. *See* ECF No. 1 at 15. Ross further alleges that his counsel subsequently misrepresented that a *habeas* petition had been filed. ECF No. 1 at 15. Ross, however, offers nothing to substantiate those factual allegations. Furthermore, even if this claim were true and Ross did obtain counsel 19 prior to filing the instant petition, he still only sought counsel in early 2019, well after the statute of limitations had run in April of 2018.

Similarly, Ross's petition does not demonstrate any extraordinary circumstance beyond his control made it impossible for him to file a petition before the statute of limitations ran. *See, e.g., Runyan v. Burt,* 521 F.3d 942, 945 (8th Cir. 2008). In reviewing his claims, he alleges having found "recently discovered" evidence regarding Amanda Hartle. ECF No. 1. Ross, however, has

been aware of Hartle's refusal to testify in his defense and of her written statements from at least the date of his trial more than six years ago and yet he waited more than two years after the AEDPA deadline passed to file his *pro se* petition. *See, e.g., Ross,* 474 S.W.3d at 542-43 (affirming no error in the exclusion of Hartle's statement as hearsay).

Indeed, apart from his allegations regarding his attorney's supposed negligence in handling the § 2254 petition and Hartle's "recently discovered" testimony, Ross has not demonstrated or even claimed that anything external to him or not attributable to his own actions was the cause of that delay. Therefore, AEDPA's one-year statute of limitation applies in this case, and Ross's § 2254 petition is untimely and should be dismissed.

**4.      Conclusion**:

Ross's Motion is time-barred under the AEDPA one-year statute of limitations. At the very latest, he was required to file his petition by April of 2018. Here, Ross waited until November 16, 2020 to file this petition. Thus, this Court has no jurisdiction over this petition.

**5.      Recommendation**:

Accordingly, based on the foregoing, the Court recommends the instant petition (ECF No. 1) be **DENIED** and dismissed with prejudice.[2] The Court further recommends no Certificate of Appealability issue in this matter.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are**

---

[2] "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart,* 726 F.2d 1316, 1318-19 (8th Cir.1984).

**reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court**. *See Thompson v. Nix*, **897 F.2d 356, 357 (8th Cir. 1990).**

**DATED** this **9th day of March 2021.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE