IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JOHN DAVID ROSS                                                                             PETITIONER

v.                                            Case No. 6:20-cv-6136

DEXTER PAYNE                                                                              RESPONDENT

## ORDER

Before the Court is a Report and Recommendation prepared by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 14. Judge Bryant recommends that Petitioner John David Ross' Petition for Writ of Habeas Corpus (ECF No. 1) be denied. Petitioner has filed objections. ECF No. 15. The Court finds the matter ripe for consideration.

## BACKGROUND

On October 2, 2014, Petition was convicted in Garland County, Arkansas Circuit Court on charges of possessing or viewing matter depicting sexually explicit conduct involving a child, permitting abuse of a minor, and bestiality. *See Ross v. State*, 474 S.W.3d 539, 540 (Ark. Ct. App. 2015) (summarizing the trial court proceedings). The trial court ordered that Petitioner's sentences be served consecutively, and he received a total sentence of 180 years to be served in the Arkansas Division of Correction. *See id*. On October 28, 2015, the Arkansas Court of Appeals affirmed Petitioner's conviction. *See id*. at 541-43. Petitioner later filed a petition for postconviction relief under Rule 37.1 of the Arkansas Rules of Criminal Procedure. *See Ross v. State*, 518 S.W.3d 758, 761 (Ark. Ct. App. 2017). The Circuit Court denied that petition, and the Court of Appeals affirmed that denial on April 19, 2017. S*ee id*. at 761.

On November 16, 2020, Petitioner filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 seeking relief from his State court conviction. ECF No. 1. Petitioner argues that his state conviction is invalid because of his actual innocence, violations of his rights against self-incrimination, violations of his rights against double jeopardy, an excessive sentence, and inadequate assistance of counsel. ECF No. 4, p. 6-16. On February 5, 2021, Respondent Dexter Payne, Director of the Arkansas Division of Correction, filed a response to Petitioner. ECF No. 9. Respondent argues that Petitioner's request for a writ of habeas corpus is untimely and barred by the statute of limitations. *Id*. at p 6-10. Respondent also argues that any "miscarriage of justice" exception to the statute of limitations is inapplicable to the petition because Petitioner has not alleged any new evidence suggesting his actual innocence. *Id*. at p. 11-14.

## DISCUSSION

Petitions for a writ of habeas corpus challenging state court convictions pursuant to 28 U.S.C. § 2254 have a one-year statute of limitations. *See* 28 U.S.C. 2244(d)(1). The statute of limitations begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. 2244(d)(1)(A). The time during which an individual is challenging his or her conviction through a proper application for State post-conviction review will not count toward the statute of limitations. *See* 28 U.S.C. 2244(d)(2). Equitable tolling of the statute of limitations is appropriate when an individual pursues his or her right to petition with reasonable diligence but extraordinary circumstances prevented the filing of a timely petition. *See Holland v. Florida*, 560 U.S. 631, 645, 653 (2010).

Judge Bryant finds that Petitioner's petition is barred by the statute of limitations and must be denied. ECF No. 14, p. 5. First, Judge Bryant notes that the date of the latest decision in

Petitioner's attempts to challenge his conviction at the State level was April 19, 2017. *Id*. at p. 5. Applying the one-year statute of limitations, Judge Bryant determines that the latest date by which a petition should have been filed was April 19, 2018. *Id*. at p. 5. Judge Bryant then finds that equitable tolling should not be applied to the petition because Petitioner did not show sufficient diligence in pursuing his petition or show that any extraordinary circumstances prevented him from filing his petition on time. *Id*. at p. 5-6. Specifically, Judge Bryant finds that evidence Petitioner claims was recently discovered was known to Petitioner from at least the date of his first trial in 2015. *Id*. at p. 5-6. Judge Bryant then concludes that the Petitioner failed to file his petition within the statute of limitations and that his petition should be denied and dismissed with prejudice. *Id*. at p. 6. Petitioner filed objections to Judge Bryant recommendation. ECF No. 15. However, Petitioner does not address any of the shortcomings Judge Bryant found in the petition. Instead, Petitioner discusses what he believes are the philosophical underpinnings of a writ of habeas corpus and why his petition must be granted to satisfy the protections of the United States Constitution. *Id*. at p. 1-3.

The Court finds that Judge Bryant conclusion is sound. Petitioner's attempts to challenge his conviction through State remedies ended on April 19, 2017. *See Ross v. State*, 518 S.W.3d at 761. This gave Petitioner until April 19, 2018 to file a petition for a writ of habeas corpus in federal court. *See* 28 U.S.C. 2244(d)(1). Petitioner did not file his petition until November 16, 2020. That puts his petition clearly outside the one-year statute of limitations. Also, the Court finds that Petitioner has not adequately alleged any circumstances that would toll this one-year period. The earliest Petitioner alleges he consulted counsel about a potential petition was in 2019, which was already beyond the deadline for his petition. ECF No. 1, p. 15. This cannot be considered reasonable diligence potentially justifying tolling the statute of limitations. *See*

*Holland v. Florida*, 560 U.S. at 653.  Petitioner also fails to explain why the evidence he claims is newly discovered, that a potential witness in his defense withdrew for fear of losing a plea deal, could not have been found earlier through reasonable diligence.  ECF No. 1, p. 15.  Accordingly, the Court finds that Petitioner has failed to submit his petition within the statute of limitations.

## CONCLUSION

Based on its *de novo* review, the Court overrules Petitioner's objections and adopts Judge Bryant's Report and Recommendation (ECF No. 14) *in toto*.  Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is hereby **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 14th day of June, 2021.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge